IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
: CASE NO. 1:14 CV 00626
MICHELLE NAGY, :
:
Plaintiff, :
:
-vs- : MEMORANDUM OPINION AND
: ORDER GRANTING THE
: DEFENDANTS' MOTION TO DISMISS
CITY OF STRONGSVILLE, et al., :
:
Defendants. :
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is the defendants' unopposed motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 24). For the reasons that follow, the motion is granted.

On February 11, 2014, the plaintiff Michelle Nagy filed this lawsuit against the City of Strongsville and its employees James Kobak and Laura Hays in the Cuyahoga County Court of Common Pleas. (Doc. 1-2). The case was timely removed on March 21, 2014. (Doc. 1). A Case Management Conference was held on April 28, 2014. (Doc. 10). On May 12, 2014, the defendants served the plaintiff with written discovery requests. (Doc. 13; 24-1, Ex. A, Affidavit of Cara M. Wright). The defendants sent a

second request for production of documents to the plaintiff on July 1, 2014. (Doc. 16; 24-1, Ex. A, Affidavit of Cara M. Wright.) The plaintiff did not respond to the first set of discovery requests until July 11, 2014. (See Affidavit of Cara M. Wright). On July 21, 2014, counsel for the defendants sent a letter to the plaintiff's former counsel requesting supplementation of her responses. Despite efforts on the part of both defense counsel and plaintiff's former counsel, the plaintiff never responded to the second request for production of documents and never provided supplemental responses to the first set of discovery requests. (See Doc. 22).

On August 22, 2014, the plaintiff's counsel filed a motion to withdraw as counsel of record. (Doc. 22). The motion filed by counsel outlined the difficulties that counsel had contacting the plaintiff and counsel's eventual determination that they could not represent the plaintiff due to her failure to respond to their communications and her failure to participate in discovery. Id. The motion for leave to withdraw was granted on August 29, 2014. (Doc. 23). The Court ordered that

> On or before 13 October 2014, Ms. Nagy shall either obtain new counsel and make an appearance through that counsel or provide notice of her intent to represent herself by making an appearance *pro se*. Failure to make the required appearance within the time ordered may result in entry of judgment against the plaintiff for failure to prosecute her case.

Id.

The plaintiff did not comply with this Court's order. She did not obtain new counsel, and she did not provide notice of her intent to represent herself by making an appearance *pro se*. On October 23, 2014, the defendants filed a Motion to Dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. 24). The plaintiff did not respond to this motion. On June 11, 2015, the Court issued an order requiring

2

the plaintiff to respond to the pending motion to dismiss on or before June 26, 2015. The plaintiff was again warned that a failure to comply with the Court's order could result in dismissal of her case. The June 26, 2015 deadline has now expired, and the plaintiff has not responded to the pending motion to dismiss.

A district court has the authority to dismiss a case for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Link v. Wabash R. Co., 370 U.S. 626 (1962). The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999) (quoting Matter of Sanction of Baker, 744 F.2d 1438, 1441 (10th Cir. 1984)). District courts are permitted substantial discretion in determining whether dismissal is appropriate under Rule 41(b). In Stough v. Mayville Community Schools, 138 F.3d 612 (6th Cir. 1998), the Sixth Circuit set forth the factors to consider when contemplating dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Id. at 615. Typically, none of the factors is outcome determinative, but when there is a clear record of delay or contumacious conduct dismissal under Rule 41(b) is appropriate. Knoll, 176 F.3d at 363.

In the present case, all factors weigh in favor of granting the defendants' motion. The plaintiff's failure to comply with this Court's orders, to respond to the defendants' discovery requests, and to cooperate with her own counsel demonstrate willfulness,

bad faith, or fault on her part. Based on the record, there is clear evidence that the plaintiff disregarded her obligation to cooperate with the opposing party and advance this matter toward a timely resolution. In addition, given the defendants' "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide," Schafer v. City of Defiance Police Dep't, 529 F.3d 731, 737 (6th Cir. 2008), the defendants have been prejudiced by the plaintiff's conduct.

This Court has twice put the plaintiff on notice that a failure to comply with the Court's orders could result in dismissal of her case. "Prior notice, or the lack thereof, is ... a key consideration" in determining whether dismissal for failure to prosecute is appropriate. Stough, 138 F.3d at 615. Thus, because the plaintiff has had fair warning of the Court's intention to dismiss her case if she did not comply, this factor weighs in favor of dismissal. Finally, in light of the particular facts of this case, the Court is not persuaded that any sanction less than dismissal is appropriate here.

Therefore, and for the reasons stated above, the defendants' motion to dismiss for failure to prosecute is granted.

IT IS SO ORDERED.

/s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: July 1, 2015